Use this form if you are asking the court (not the BOP) for compassionate release from prison. Please make sure the form is typed or neatly written. Once you complete the form, mail it to the clerk of the United States District Court where you were sentenced.

UNITED STATES DISTRICT COURT
FOR THE
Southern DISTRICT OF New York

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:05CR127<br>(write the number of your criminal case) |
| v. | MOTION FOR SENTENCE REDUCTION UNDER |
| Craig Dunn<br>Write your full name here. | 18 U.S.C. § 3582(c)(1)(A)<br>(Compassionate Release)<br>(*Pro Se* Prisoner) |

**NOTICE**

The public can access electronic court files. Federal Rule of Criminal Procedure 49.1 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Does this motion include a request that any documents attached to this motion be filed under seal? (Documents filed under seal are not available to the public.)

☒ Yes

☐ No

If you answered yes, please list the documents in section IV of this form.

Page 1 of 6

## I. SENTENCE INFORMATION

Date of sentencing: Nov. 14, 2006

Term of imprisonment imposed: 288 - month

Approximate time served to date: over 19 years

Projected release date: 08/04/2029

Length of Term of Supervised Release: 3 - years

Have you filed an appeal in your case?

☒ Yes

☐ No

Are you subject to an order of deportation or an ICE detainer?

☐ Yes

☒ No

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES[1]

18 U.S.C. § 3582(c)(1)(A) allows you to file this motion (1) after you have fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on your behalf, or (2) 30 days after the warden of your facility received your request that the warden make a motion on your behalf, whichever is earlier.

Please include copies of any written correspondence to and from the Bureau of Prisons related to your motion, including your written request to the Warden and records of any denial from the Bureau of Prisons.

---

[1] The requirements for this compassionate release motion being filed with the court differ from the requirements that you would use to submit a compassionate release request to the Bureau of Prisons. This form should only be used for a compassionate release motion made to the court. If you are submitting a compassionate release request to the Bureau of Prisons, please review and follow the Bureau of Prisons program statement.

Have you personally submitted your request for compassionate release to the Warden of the institution where you are incarcerated?

☒ Yes, I submitted a request for compassionate release to the warden on _____

☐ No, I did not submit a request for compassionate release to the warden.

If no, explain why not:

_____

_____

Was your request denied by the Warden?

☒ Yes, my request was denied by the warden on (date): _____

☐ No. I did not receive a response yet.

## III. GROUNDS FOR RELEASE

Please use the checkboxes below to state the grounds for your request for compassionate release. Please select all grounds that apply to you. You may attach additional sheets if necessary to further describe the reasons supporting your motion. You may also attach any relevant exhibits. Exhibits may include medical records if your request is based on a medical condition, or a statement from a family member or sponsor.

A. Are you 70 years old or older?

☐ Yes.

☒ No.

If you answered no, go to Section B below. You do not need to fill out Section A.

If you answered yes, you may be eligible for release under 18 U.S.C. § 3582(c)(1)(A)(ii) if you meet two additional criteria. Please answer the following questions so the Court can determine if you are eligible for release under this section of the statute.

Have you served 30 years or more of imprisonment pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which you are imprisoned?

☐ Yes.

☒ No.

Has the Director of the Bureau of Prisons determined that you are not a danger to the safety of any other person or the community?

☐ Yes.

☐ No.

B. Do you believe there are other extraordinary and compelling reasons for your release?

☒ Yes.

☐ No.

If you answered "Yes," please check all boxes that apply so the Court can determine whether you are eligible for release under 18 U.S.C. § 3582(c)(1)(A)(i).

☐ I have been diagnosed with a terminal illness.

☒ I have a serious physical or medical condition; a serious functional or cognitive impairment; or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-care within the environment of a correctional facility, and I am not expected to recover from this condition.

☐ I am 65 years old or older and I am experiencing a serious deterioration in physical or mental health because of the aging process.

☐ The caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children.

☐ My spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner.

☒ There are other extraordinary and compelling reasons for my release.

Page 4 of 6

Please explain below the basis for your request. If there is additional information regarding any of these issues that you would like the Court to consider but which is confidential, you may include that information on a separate page, attach the page to this motion, and, in section IV below, request that that attachment be sealed.

I'm requesting reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for the following reasons: Unusually length of sentence, Family circumstances, Health issues (Hip injury) and Rehabilitation, all in conjunction to demonstrate "extraordinary and compelling reason's under the new amended guidelines". See attachment arguments in detail support Motion for Compassionate Release

### IV. ATTACHMENTS AND REQUEST TO SEAL

Please list any documents you are attaching to this motion. A proposed release plan is included as an attachment. You are encouraged but not required to complete the proposed release plan. A cover page for the submission of medical records and additional medical information is also included as an attachment to this motion. Again, you are not required to provide medical records and additional medical information. For each document you are attaching to this motion, state whether you request that it be filed under seal because it includes confidential information.

| Document | Attached? | | Request to seal? | |
|---|---|---|---|---|
| Proposed Release Plan | ☒ Yes | ☐ No | ☒ Yes | ☐ No |
| Additional medical information | ☒ Yes | ☐ No | ☒ Yes | ☐ No |
| | ☐ Yes | | ☐ Yes | ☐ No |
| | ☐ Yes | | ☐ Yes | ☐ No |

Page 5 of 6

## V. REQUEST FOR APPOINTMENT OF COUNSEL

I do not have an attorney and I request an attorney be appointed to help me.

☒ Yes

☐ No

## VI. MOVANT'S DECLARATION AND SIGNATURE

For the reasons stated in this motion, I move the court for a reduction in sentence (compassionate release) under 18 U.S.C. § 3582(c)(1)(A). I declare under penalty of perjury that the facts stated in this motion are true and correct.

11/3/23
Date

*Craig Dunn*
Signature

Craig Dunn
Name

52993-054 #
Bureau of Prisons Register #

U.S.P. Lee County
Bureau of Prisons Facility

P.O. Box 305, Jonesville, VA 24263
Institution's Address

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## PROPOSED RELEASE PLAN

To the extent the following information is available to you, please include the information requested below. This information will assist the U.S. Probation and Pretrial Services Office to prepare for your release if your motion is granted.

### A. Housing and Employment

Provide the full address where you intend to reside if you are released from prison:

1414 N. Independence St, Kinston, N.C. 28501

Provide the name and phone number of the property owner or renter of the address where you will reside if you are released from prison:

Ms. Beverly Dunn   (252) 521-5035

Provide the names (if under the age of 18, please use their initials only), ages, and relationship to you of any other residents living at the above listed address:

If you have employment secured, provide the name and address of your employer and describe your job duties:

King of Kings Maintenace, 327 N. Queen St. Suite 104A

Kinston, N.C. 28501 (252) 525-6143 see exhibit "D"

List any additional housing or employment resources available to you:

(Wife) Stacy Mason 300 Atlantic Ave Apt. 1102/Atlantic City, N.J. 08401

(609) 992-5063

King of Kings Outreach Center 1654 Queens Rd, Kinston, N.C. 28501

(252) 286-9759

Family member Coayna Samuel has a variety of small business ranging from stores, real estate, and non-profit work all of these resources are available to Craig Dunn, Coayna Samuel, 569 E. 86th St. Brooklyn ,N.Y. 11236

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

B. Medical needs

Will you require ongoing medical care if you are released from prison?

☒ Yes

☐ No

Will you have access to health insurance if released?

☒ Yes

☐ No

If yes, provide the name of your insurance company and the last four digits of the policy number. If no, how do you plan to pay for your medical care?

_____

_____

If no, are you willing to apply for government medical services (Medicaid/Medicare)?

☐ Yes

☐ No

Do you have copies of your medical records documenting the condition(s) for which you are seeking release?

☒ Yes

☐ No

If yes, please include them with your motion. If no, where are the records located?

At U.S.P. Medical Department in U.S.P. Lee County
_____

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

## MEDICAL RECORDS AND ADDITIONAL MEDICAL INFORMATION

To the extent you have medical records or additional medical information that support your motion for compassionate release, please attach those records or that information to this document.

### SIGNATURE

I declare under penalty of perjury that the facts stated in this attachment are true and correct.

__11/3/23__
Date

__Craig Dunn__ (signature)
Signature

__Craig Dunn__
Name

__52993-054 #__
Bureau of Prisons Register #

__U.S.P. Lee County__
Bureau of Prisons Facility

__P.O. Box 305, Jonesville, VA 24263__
Institution's Address

ATTACHMENT TO MOTION FOR COMPASSIONATE RELEASE

Are you currently prescribed medication in the facility where you are incarcerated?

☒ Yes

☐ No

If yes, list all prescribed medication, dosage, and frequency:

Ibubrofen, Black Tar Shampoo, Steriod Cream for Psoriasis skin condition
Eye Glasses, Kness Brace, stool softner

Do you require durable medical equipment (e.g., wheelchair, walker, oxygen, prosthetic limbs, hospital bed)?

☐ Yes

☒ No

If yes, list equipment:

no equipment, but have a hip replacement

Do you require assistance with self-care such as bathing, walking, toileting?

☐ Yes

☒ No

If yes, please list the required assistance and how it will be provided:

Do you require assisted living?

☐ Yes

☒ No

impulsiveness, irrational, emotional and peer pressure all influencing Mr. Dunn when his mental maturity had not yet fully developed. In light of this view, the court cannot look at Dunn through the same lens it applied at sentencing in 2006.

Accordingly, Mr. Dunn respectfully requests this honorable court to reduce his sentence in light of his issues in conjunction, taken together in light of extraordinary and compelling reasons defined also under the new guideline amendments.

Executed on \_\_11\_\_\_\_3\_\_, 2023.

Respectfully submitted,

*/s/ Craig Dunn*

Craig Dunn
Federal Register No. 52993-054
United States Penitentiary
P.O. Box 305
Jonesville, Virginia
24263-0305

---

Motion for a reduction in sentence, pursuant to 18 U.S.C. Section 3582, is denied. To begin, Mr. Dunn has failed to establish extraordinary and compelling reasons for early release. He argues his lengthy sentence, which he inaccurately claims was imposed before the Supreme Court's decision in Booker, justifies early release. While Dunn was young when he committed the offense conduct, he was a full-fledged adult who chose to commit a particularly vicious crime that involved, among other things, torturing the kidnapping victim. The Court nonetheless considered the same factors that Dunn cites in this application and imposed a sentence of 288 months for both the kidnapping and the narcotics offense. This sentence is above the average for sentences imposed for similar conduct, based on the same data used by Dunn. See U.S. Sentencing Commission, Sourcebook of Federal Sentencing Statistics for Fiscal Year 2002, Table 13 (2002) (mean sentencing data for "Drugs – Communication Facility"), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2002/table13_0.pdf. However, it was not excessive given all the aggravating factors in this case. See United States v. Corbett, No. 10 Cr. 184, 2023 WL 8073638, at *5 (S.D.N.Y. Nov. 21, 2023) (finding 300-month imposed sentence not excessive despite 244-month statistical average in one year). Dunn's family circumstances do not qualify as extraordinary or compelling reasons to reduce his sentence. He has not established that he is the only potential caregiver to his grandmother and, in fact, it appears his mother is able to do so. Nor is family separation compelling here, as it is the foreseeable consequence of committing serious crimes. As for his health, Mr. Dunn's medical records do not establish any compelling need to release him, as there is no indication that his hip ailment is going untreated and other records suggest he is physically active. Regarding Mr. Dunn's rehabilitation efforts, they are encouraging, but hardly extraordinary, as he completed only about 2/3 of the educational programs and there is no record of efforts at drug rehabilitation. Moreover, any rehabilitation efforts are more than outweighed by the numerous infractions, which include violent conduct. Thus, Mr. Dunn has failed to establish extraordinary or compelling reasons for his early release. And, even if he did, a balancing of the Section 3553(a) factors independently weighs against early release. While, as noted, the sentence was lengthy, it reflected the serious nature of Mr. Dunn's crimes. That has not changed since he was sentenced. While Mr. Dunn has served the bulk of that sentence, the Court finds that early release would seriously undermine both general deterrence and respect for the law. Thus, the application is denied.

So Ordered.

*/s/ KMK*
1/17/24